IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| MONICA FAUSTO RAMOS and | ) |
| MANUEL JIMENEZ DIAZ, Individually | ) |
| and as Representatives of the Estate of | ) |
| LILIANA JIMENEZ, | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Come Monica Fausto Ramos and Manuel Jimenez Diaz, in the following capacities: (1) Individually and in their own right; (2) As heirs at law of their daughter Liliana Jimenez, who died as a result of this accident and her estate; (3) As parents of Liliana Jimenez, Deceased, whose death was caused by agents of the Defendant, and that class of persons authorized to bring a wrongful death action by Section 71.004 of the Civil Practice and Remedies Code, Vernon's Texas Code Annotated; (4) In all capacities authorized by law, including the wrongful death cause of action and survival action authorized by Section 71.004 and Section 71.021 of the Civil Practice & Remedies Code, V.T.C.A.; (5) As Representatives of the Estate of Liliana Jimenez, complaining of the UNITED STATES OF AMERICA, hereinafter referred to as Defendant, and would respectfully show the Court the following:

## I.

This action arises under the Federal Tort Claims Act, 28 U.S.C., Sections 1346(b) and 2671 et seq and particularly 28 U.S.C., Section 2680(h).

## II.

Plaintiffs Monica Fausto Ramos and Manuel Jimenez Diaz, are the natural parents of Liliana Jimenez, the deceased.  Plaintiffs resided in the above entitled judicial district at the time the suit in question arose.

## III.

At all relevant times herein, Defendant, by and through the Department of the Justice is in charge of and control and operates its government agency, U.S. Customs & Border Patrol in El Paso, Texas.

## IV.

On or about June 24, 2020 the deceased Liliana Jimenez was meeting with friends on Scenic Drive, a street in El Paso, Texas when she was picked up after midnight, now June 25th by her friend Gustavo Cervantes who then drove her in his 2019 Chevrolet Cruz on Paisano Drive near the intersection of 400 block of Paisano Drive in the City of El Paso, El Paso County, Texas.

At approximately 2:00 a.m. on June 25th the vehicle in which the deceased Liliana Jimenez was a passenger in was accousted and chased by agents of the Defendant.

Unfortunately, the driver of the deceased Plaintiff's vehicle, Gustavo Cervantes, lost control of this vehicle and collided with a parked trailer killing Liliana Jimenez.

The agents of the Defendant had no authorization or probable cause to pursue the vehicle in which Liliana Jimenez was a passenger.

At all times, Liliana Jimenez was a natural born citizen of the United States, who was 16 years old and lived with her parents in El Paso, Texas.

Agents for U.S. Customs and Border Patrol failed to follow agency policy and procedures in pursuit of a civilian vehicle.

The Defendant's agency U.S. Custom Border Patrol failed to properly and adequately train its agents in the pursuit of any vehicle and failed to constrain or prevent high speed vehicle chases which amounts to a deliberate indifference to the individual's constitution rights, including the rights of Liliana Jimenez.

## V.

At all times herein mentioned, the acts of commission or omission of agents of the Defendant were on behalf of the Defendant and were in the course and scope of their employment or agency or such that their actions were intentional as law enforcement officials as defined by 28 U.S.C. Section 2680 (h).  The Government agents or employees that were responsible for the damages done to Plaintiff would be liable just as if they were private persons. No charges were ever subsequently brought in this case.

## VI.

The agents of the Defendant were careless, reckless and negligent in this case, or alternatively their acts were intentional in that they:

1.      Attempted to arrest and detain deceased Liliana Jimenez.

2.      Failed to ascertain that the deceased, Liliana Jimenez, was not a drug dealer and/or smuggler.

3.      Attempted to arrest the deceased, Liliana Jimenez, without probable cause.
4.      Conducted a high speed vehicle chase without probable cause.

5.      Violated the deceased Liliana Jimenez's legal and constitutional rights.

6.      Negligently allowed its agents to conduct a dangerous and reckless investigation without sufficient cause.

7.      Violated right of privacy of the deceased, Liliana Jimenez.

8.      Violated policies of U.S. Customs and Border Patrol regarding high speed chases of vehicles.

9.      Wrongfully failed to terminate the high speed chase of the deceased, Liliana Jimenez's vehicle.

**VII.**

As a direct and proximate result of one or more of the foregoing acts or omissions on the part of the agents of the Defendant, done in the course and scope of their job, Plaintiff Liliana Jimenez was killed on the above date.

**VIII.**

In the alternative, without waiving the foregoing, agents of the Defendant, United States of America, failed to properly conduct an investigation which resulted in the death of Liliana Jimenez.  At the time of these grave injuries and death, the procedure that caused the injuries was within the Defendant United States of America's agents' exclusive control, and the occurrence complained of would have been avoided if the person in control of the procedures had exercised ordinary care.  In view of all of the foregoing, Plaintiffs give specific notice to Defendant, United States of America, that Plaintiffs are relying herein on the doctrine in 28 U.S.C. Section 26.80(h).

**IX.**

The deceased, Liliana Jimenez, died as a direct and proximate result of Defendant's negligence.  At the time of her death, the decedent was 16 years of age and had a life expectancy

of approximately seventy (70) more years, according to standard life expectancy and mortality tables.

## X.

As a direct and proximate cause of the negligence of the Defendant, Plaintiffs, Individually, and as Next Friends of the deceased's minor child, Liliana Jimenez, and are parents of the deceased Liliana Jimenez, suffered the following damages:

1.    Pecuniary damages including the loss of the care, maintenance, support, services, advise, counsel and reasonable contributions of a pecuniary value that the Plaintiffs would have received from Liliana Jimenez had she lived.

2.    Loss of companionship and society.

3.    Mental anguish.

4.    Loss of inheritance including the loss of the present value of the assets that Liliana Jimenez would have added to the estate and left at natural death to her family.

5.    Medical, funeral and burial expenses for the death of Liliana Jimenez.

As a further direct and proximate cause of the negligence of the Defendant, Plaintiffs claim the following survival damages on behalf of the estate:

1.    The pain and mental anguish suffered by Liliana Jimenez prior to her death.

2.    The funeral and burial expenses incurred.

For these damages, Plaintiffs pray recovery in the sum of TEN MILLION DOLLARS ($10,000,000.00).

## XI.

On July 31, 2020, Plaintiffs filed a claim for the injuries and death of Liliana Jimenez with the United States Customs and Border Protection. More than six months has passed since

the filing of the claim which is tantamount to the denial of the claim. Plaintiffs have exhausted their administrative remedies.

## PRAYER

WHEREFORE, premises considered, Plaintiffs pray that the Defendant be cited to appear and answer herein and that upon a final hearing hereof, the Plaintiffs have a judgment against the Defendant for a sum in excess of TEN MILLION DOLLARS ($10, 000,000.00), for pre-judgment and post-judgment interest at the legal rate, for court costs, and for such other and further relief, both general and special, at law and in equity, to which Plaintiffs my show themselves justly entitled.

Respectfully submitted,

/s/ Walter L. Boyaki
**WALTER L. BOYAKI**
State Bar No. 02759500
***Boyaki Law Firm***
4621 Pershing Drive
El Paso, Texas  79903
Tel: (915) 566-8688
wboyaki@boyakilawfirm.com

**MARCO ARANDA**
State Bar No. 24045419
2507 N. Stanton
El Paso, Texas 79902
Tel: (915) 996-9914
maranda@arandalawfirm.com

***ATTORNEYS FOR PLAINTIFF***